UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 1:11-cr-00091-JAW-1 |
| | ) |
| RICHARD GRAF, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDED DECISION

Richard Graf, who is charged with marijuana distribution and manufacture and a firearms offense, has filed a motion to suppress, requesting a Franks hearing, and a motion requesting that this Court order the United States to reveal the identity of a confidential informant. Graf seeks to suppress the marijuana, firearms, and any related evidence seized from his home pursuant to a valid state search warrant issued upon probable cause. The basis for Graf's motion is his own affidavit in which he claims that four of the allegations made by a confidential informant and reported by the law enforcement affiant in the search warrant affidavit were false. Because there is no substantial preliminary showing that the affiant or any other law enforcement officer made any intentionally or recklessly false statements in the affidavit, I recommend that the Court deny the motion to suppress. I also recommend that the Court deny the request to order disclosure of the confidential informant's identity.

### FACTUAL BACKGROUND

In April 2011, Carl Gottardi of the Somerset County Sheriff's Department obtained and executed a search warrant for the residence and property of Richard Graf in Canaan/Pittsfield, Maine. Gottardi presented an affidavit in support of a search warrant application that relied heavily upon information that Gottardi received from a confidential informant, a person

identified only as "11-25." According to Gottardi, 11-25 is a known drug user who associates with numerous convicted drug dealers who are known to Gottardi from his experience in Somerset County law enforcement. During the last several years, 11-25 has routinely assisted Gottardi without requesting any consideration, but on some past occasions 11-25 has hoped to gain consideration on then-pending criminal charges. The informant does have a criminal record. At the time 11-25 provided the information related to Graf, there were no criminal charges pending against 11-25. Gottardi asserted in his application that, prior to April 2011, the information 11-25 provided to him had led to the seizure of large amounts of marijuana and drug paraphernalia and the conviction of numerous individuals for various felony/misdemeanor drug offenses. (Search Warrant Aff. ¶ 1, Doc. No. 25-2.)

Confidential informant 11-25 told Gottardi that he/she had gone with associates to Graf's residence and purchased significant amounts of marijuana, up to ten pounds at a time. The informant related that Graf sold high-grade, commercial quality marijuana. According to 11-25, he/she was personally present in April 2011 when an associate picked up a large amount of marijuana at Graf's residence. Graf's business has recently increased because another local dealer had been raided. Gottardi was able to confirm that the drug dealer identified by 11-25 had recently been raided. (Id. ¶ 2). Gottardi confirmed through municipal tax records that Graf did have a residence at the location described by 11-25. (Id. ¶ 3).

Graf disputes certain of these facts and has filed an affidavit averring that: (1) he has never picked up 50+ pounds of marijuana for resale; (2) he has never sold marijuana in amounts of up to ten pounds at one time; (3) he has not consistently sold 11-25's associates pound amounts of marijuana; and (4) he never sold a large amount of marijuana during April 2011. Furthermore, Graf notes that if 11-25 had actually been to his residence in April 2011, he/she

would have seen twelve large marijuana plants growing in his living room.  Graf notes that Gottardi appeared surprised to see the plants growing in the living room.  (Graf Aff., Doc. No. 25-3.)

## DISCUSSION

A.     **Defendant's Motion to Suppress, Requesting <u>Franks</u> Hearing (Doc. No. 25)**

To overcome the presumption of validity of the search warrant affidavit and obtain a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), Graf must first make a showing that Gottardi included deliberate falsehoods or omissions in his search warrant affidavit or recklessly disregarded the truth when he prepared the affidavit.  <u>Id.</u> at 155-156.  "The defendant 'must make a substantial preliminary showing that the affidavit included a false statement which was made either knowingly or intentionally or with reckless disregard for the truth, and that this misstatement was necessary to the finding of probable cause."  <u>United States v. Materas</u>, 483 F.3d 27, 31 (1st Cir. 2007) (quoting <u>United States v. Nelson-Rodriguez</u>, 319 F.3d 12, 34 (1st Cir. 2003)).  In addition to showing the existence of a false statement or misleading omission and the materiality (as in necessity) of the challenged representation or omission to the probable cause finding, the <u>Franks</u> showing must also permit a reasonable inference of a culpable state of mind on the part of the affiant or another officer on whom the affiant relied.  <u>Franks</u>, 438 U.S. at 171-72;  <u>see</u> <u>also</u> <u>United States v. Skinner,</u> 972 F.2d 171, 177 (7th Cir. 1992) ("The defendant must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard.") (internal quotation marks omitted).  The <u>Franks</u> hearing is not intended to test the truthfulness of a nongovernmental informant, but rather the hearing is intended to establish whether any

government actors engaged in deliberate misconduct. United States v. D'Andrea, 648 F.3d 1, 13 (1st Cir. 2011).

The "substantial preliminary showing" that Graf attempts to make through his own affidavit relies entirely on the theory that the confidential informant gave Gottardi inaccurate information. As the United States points out, "the defendant does not allege, nor does he attempt to make a substantial preliminary showing, that Lt. Gottardi knowingly and intentionally made false statements in the search warrant affidavit or included statements in reckless disregard of the truth." (Gov't Resp. at 2, Doc. No. 31.) In fact, Gottardi pointedly revealed aspects of the informant's past that reflected both positively and negatively on his/her credibility and presumably the magistrate considered those facts in making the probable cause assessment. Graf simply fails to meet his burden under Franks and his request for a hearing should be denied absent some additional showing. Graf does not challenge any other aspect of the warrant's validity and thus there is no basis for suppressing any evidence seized pursuant to the warrant.

Perhaps sensing the futility of his current Franks showing, Graf attempts another approach. In the alternative, Graf requests that the Court defer ruling on the motion to suppress and the request for the Franks hearing until he has learned the identity of the confidential informant via his motion for disclosure. (Mot. to Suppress at 3 n.1, Doc. No. 25.) Presumably, Graf envisions supplementing his motion to suppress after he learns of the confidential informant's identity. Because I am recommending that the court deny the motion for disclosure of the identity of the confidential informant, this approach goes nowhere.

**B.  Defendant's Motion for Identity of Confidential Informant (Doc. No. 26)**

Under applicable First Circuit precedent, "when the Government informant is not an actual participant or a witness to the offense, disclosure is required only in those exceptional

cases where the defendant can point to some concrete circumstance that might justify overriding both the public interest in encouraging the flow of information, and the informant's private interest in his or her own safety." United States v. Tzannos, 460 F.3d 128, 139 (1st Cir. 2006) (quoting United States v. Martinez, 922 F.2d 914, 921 (1st Cir.1991)). Such a circumstance may exist if disclosure of the informant's identity "is vital to the proper preparation and presentation" of a defense. United States v. Perez, 299 F.3d 1, 3-4 (1st Cir. 2002). The defendant's burden in this regard is heavy. United States v. Cartagena, 593 F.3d 104, 113 (1st Cir. 2010).

At the suppression stage, the defendant's interest in disclosure, weighed against the Government's interest in protecting the informant's confidentiality, is of a lesser magnitude than at the trial stage. Tzannos, 460 F.3d at 140; see also United States v. Raddatz, 447 U.S. 667, 679 (1980)). As the court in Cartegena explained: "A mere tipster is one who neither participated in nor witnessed the events that inculpated the defendant and led to his arrest, or who does little more than put a flea in an officer's ear." 593 F.3d at 113 n.6 (internal quotation marks omitted). In this case, confidential informant 11-25 had nothing to do with the evidence that was seized during the search in the sense that his testimony is unnecessary to its admission at trial. Furthermore, if the affiant were to testify at trial, he could not offer the hearsay statements of the confidential informant for the truth of the matter asserted. Therefore, 11-25's alleged observations will not necessarily be part of the trial. If he/she is a testifying witness at trial, then disclosure will be required in the ordinary course of trial preparation, including prior statements 11-25 made to law enforcement in conjunction with the search warrant.

Both the United States and Graf rely upon the Tzannos opinion for the proposition that a "concrete circumstance" must be shown in order to require disclosure. Graf's reliance is misplaced. His "concrete circumstance" appears to be that he has no evidence to support his

<u>Franks</u> hearing request unless he first obtains the name of the confidential informant. The First Circuit explained that this approach was unjustified where nothing in the defendant's showing indicated that the informant's testimony was necessary to prosecution of the crime charged or that identification of the informant would allow the defendant to meet his burden of showing misconduct on the part of investigating officers. <u>Id.</u> at 139-41 (citing, with approval, <u>United States v. Brown</u>, 3 F.3d 673, 679 (3d Cir. 1993) ("A defendant who merely hopes (without showing a likelihood) that disclosure will lead to evidence supporting suppression has not shown that disclosure will be 'relevant and helpful to the defense . . . or is essential to a fair determination[.]'") (quoting <u>Rovario v. United States</u>, 353 U.S. 53, 60-61 (1957)).

In this case, at best, Graf has shown that if the confidential informant's identity were disclosed, the Court would be left with resolving a swearing contest between 11-25 and Graf. There is not the hint of a suggestion that Detective Gottardi lied or recklessly misrepresented anything in the affidavit. In these circumstances, disclosure is not warranted. Graf wants to engage in a fishing expedition and this Court should not order the disclosure of a confidential informant's identity in order to furnish the bait.

## CONCLUSION

Based upon the foregoing, I RECOMMEND that the Court DENY Defendant's Motion to Suppress and likewise DENY the Motion to Disclose the Identity of the Confidential Informant.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a

copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 17, 2011