UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:11-cr-00091-JAW |
| | ) | |
| RICHARD GRAF, | ) | |
| | ) | |
|     Defendant | ) | |

**RECOMMENDED DECISION
REGARDING FRANKS HEARING**

This matter was referred to me for a report and recommendation on defendant's second motion to suppress (ECF No. 92). Graf filed a prior motion to suppress, requesting a Franks hearing, and I recommended that the motion be denied. (Recommended Decision, ECF No. 34.) I assume the readers of this recommendation will acquaint themselves with that recommendation in order to obtain the necessary background. In making my assessment regarding the new motion to suppress, I have considered the new information uncovered by the defendant's investigator and I have considered in camera submissions from the government regarding the confidential informant (see ECF No. 106, Preliminary Order on Motion to Suppress, and ECF No. 110, In Camera Documents Filed with the Court). Based upon my review of these submissions, I recommend that the request for a Franks hearing be denied and that the second motion to suppress be denied for the reasons set forth in my initial recommendation. In the final analysis, Graf has challenged the credibility of the informant, but he has not made a substantial preliminary showing that Carl Gottardi, a Somerset County deputy sheriff and the search warrant affiant, or any other law enforcement officer, made untruthful or deliberately misleading statements in the affidavit presented to the state court magistrate.

As I indicated in my preliminary order entered shortly after this renewed motion was referred to me, the defendant's investigator discovered information concerning Gottardi's use of the identifier "CI 11-25"—the moniker he used for the undisclosed confidential informant in this case—in other cases where state search warrants were obtained subsequent to the warrant in this case. However, in those cases the pedigree of the confidential informant was considerably different from the pedigree provided in the search warrant affidavit underlying this prosecution. Furthermore, the investigator was unable to discover any search warrant affidavit in the three years prior to this case where "CI 11-25" had ever been used to describe a confidential informant, in spite of the fact that the affidavit in this case said the informant had assisted in prior cases. (See Pelkey Aff., ECF. No. 92.)

In response to the Pelkey Affidavit and the renewed motion to suppress, Gottardi filed his own affidavit (ECF No. 95-1) attempting to explain the apparent inconsistency. According to Gottardi, "CI 11-25" was the identifier assigned to this informant only for purposes of this affidavit and the "CI 11-25" identified in the two subsequent affidavits are different individuals, thus explaining the lack of earlier affidavits identifying "CI 11-25" and the differing pedigrees in the two subsequent affidavits. I had no problem following Gottardi's logic in saying that he changes a confidential informant's number in order to protect the individual's identity, but I had considerable difficulty ascertaining how using the same identifier for different individuals in later affidavits served any meaningful purpose. In fact, as defendant's counsel argued, the repeated use of the same identifier for different people in affidavits presented to the same magistrate had the potential to mislead that magistrate. (That issue doesn't have relevance to this case, because Graf's case was the first known use of the CI 11-25 identifier).

The state of the record after the first round of affidavits on this second motion to suppress left me in a quandary which I discussed in the preliminary order. I saw no reason to hold an immediate <u>Franks</u> hearing without further investigation because there was no reason to disbelieve the assertions made in either the affidavit submitted by the defense or the one submitted by Gottardi. On the other hand, the most negative possible inference which the defense wanted me to draw from the rather odd explanation given by Gottardi was that CI 11-25 was nothing more than a figment of Gottardi's imagination. I was not prepared to embark on that course without more information. I was also cognizant that the defense could hardly investigate the matter further when it had no idea of the confidential informant's identity.

    I charted a middle course. I did not require the Government to reveal to me or the defense the name of the confidential informant. However, I did order the Government to conduct an independent investigation by a federal law enforcement officer not directly involved in the prosecution of this case in order to ascertain that there were indeed three separate CI 11-25 individuals, and that one associated with Graf's case had the pedigree involving criminal record and prior assistance to law enforcement that is set forth in search warrant affidavit. I required a supervisory AUSA to submit, under his signature as an officer of this court, an in camera report detailing the contours of that investigation and verifying the assertions in the Gottardi affidavits. The Government has done so and that in camera report has been shared with the defense. I see no reason to take any further action or to hold a so-called <u>Franks</u> hearing because there has been no substantial preliminary showing that Gottardi included deliberate falsehoods or recklessly disregarded the truth when he prepared the original affidavit. <u>United States v. Materas</u>, 483 F.3d 27, 31 (1st Cir. 2007). I therefore recommend that the Court deny the motion to suppress for the reasons set forth in the original recommended decision. (ECF No. 34.)

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 11, 2013                                    /s/ Margaret J. Kravchuk
                                                    U.S. Magistrate Judge